UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY FIDEL ALFORD,<br><br>      Plaintiff,<br><br>   v.<br><br>LAM DANG, et al.,<br><br>      Defendants. | No.  2:14-cv-714-KJM-EFB P<br><br>SCREENING ORDER AND ORDER GRANTING IFP |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis and a "motion requesting court to issue order for the full names of defendants."

**I.   Request to Proceed In Forma Pauperis**

Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.   Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

1

§ 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**III.   Screening Order**

The court has reviewed plaintiff's complaint (ECF No. 1) pursuant to § 1915A and concludes that it must be dismissed with leave to amend for failure to state a claim upon which relief may be granted. To proceed, plaintiff must file an amended complaint.

Plaintiff names Jones, Lam Dang, Virga, Clough, Ramirez, and McComber as defendants. First, he claims that Jones, Lam Dang, and Virga "conspired" to get plaintiff to lose his job in the kitchen. He also claims that Lam Dang issued a false rules violation report against plaintiff, accusing plaintiff of harassment. As a result of the accusations against plaintiff, defendant Clough allegedly informed plaintiff that he would be removed from the "C" facility building and placed in administrative segregation. Plaintiff claims that this move cost him his job, his medical equipment, and the ability to sleep well. Plaintiff claims that he tried to inform defendant Ramirez, the investigator assigned to the rules violation report, about the conspiracy, and that Ramirez informed him he would probably be deemed a rapist, and transferred to another prison because of the charge. Plaintiff also claims that defendant McComber is somehow responsible for plaintiff's loss of his C-PAP machine and for having a sleep study conducted during the day.

Aside from his general references to a "conspiracy," plaintiff does not identify any claims for relief and his allegations are not otherwise sufficient to state a claim under section 1983. In addition, it appears that the above allegations may not be properly joined together as claims in a single action, as the allegations regarding the CPAP machine, for example, appear to involve discrete events that did not arise out the same occurrence and involve a common question of law or fact as the other allegations in the complaint. *See* Fed. R. Civ. P. 20(a)(2).

In order to state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual

actions, has violated the Constitution." *Id.* It is plaintiff's responsibility to allege facts to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

As plaintiff's intended claims for relief are not clear, the following legal standards may or may not be relevant to plaintiff's intended claims for relief. In any event, plaintiff is admonished that any amend complaint must satisfy these requirements for any such claims:

To proceed on a claim predicated on a conspiracy to deprive plaintiff of federally protected rights, plaintiff must allege specific facts showing two or more persons intended to accomplish an unlawful objective of causing plaintiff harm and took some concerted action in furtherance thereof. *Gilbrook v. City of Westminster*, 177 F.3d 839, 856-57 (9th Cir. 1999); *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998) (plaintiff must allege facts showing an agreement among the alleged conspirators to deprive him of his rights); *Delew v. Wagner*, 143 F.3d 1219, 1223 (9th Cir. 1998) (to state claim for conspiracy under § 1983, plaintiff must allege at least facts from which such an agreement to deprive him of rights may be inferred); *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989) (per curiam) (conclusory allegations of conspiracy insufficient to state a valid § 1983 claim); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff has not alleged specific facts showing that any defendant agreed to accomplish an unlawful objective. Nor has he alleged sufficient facts from which any agreement could be inferred.

To state a claim for violation of the right to procedural due process, plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003). Plaintiff does not have a property or liberty interest in a prison job that is protected by the Due Process Clause. *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004). Moreover, "the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). But state regulations may create a liberty interest in avoiding restrictive conditions of confinement if those conditions "present a dramatic departure from the basic conditions of [the inmate's] sentence." *Sandin v.*

4

*Conner*, 515 U.S. 472, 485 (1995).  Under *Sandin*, a liberty interest may exist where placement in administrative segregation "imposes atypical and significant hardship in the inmate in relation to the ordinary incidents of prison life." *Id.* at 484.

In the context of a disciplinary proceeding where a liberty interest is at stake, due process requires that "some evidence" support the disciplinary decision. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985).  The inmate must also receive: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Id.* at 454 (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).  Maintenance of an inaccurate record, without more, is not sufficient to state a claim of constitutional injury under the Due Process Clause.  *See Paul v. Davis*, 424 U.S. 693, 711-12 (1976).

To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Conduct protected by the First Amendment includes communications that are "part of the grievance process." *Brodheim v Cry*, 584 F.3d 1262, 1271 n.4 (9th Cir. 2009).

To succeed on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Jett*, 439 F.3d at 1096.  Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

/////

1    To act with deliberate indifference, a prison official must both be aware of facts from
2  which the inference could be drawn that a substantial risk of serious harm exists, and he must also
3  draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if
4  he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing
5  to take reasonable measures to abate it." *Id.* at 847. A physician need not fail to treat an inmate
6  altogether in order to violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*,
7  884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition,
8  even if some treatment is prescribed, may constitute deliberate indifference in a particular case.
9  *Id.*

10   It is important to differentiate common law negligence claims of malpractice from claims
11  predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment.
12  In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not
13  support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.
14  1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also Toguchi v. Chung*, 391
15  F.3d 1051, 1057 (9th Cir. 2004).

16  **IV.   Leave to Amend**

17   Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a
18  cognizable legal theory against a proper defendant and sufficient facts in support of that
19  cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)
20  (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in
21  their complaints). Should plaintiff choose to file an amended complaint, the amended complaint
22  shall clearly set forth the claims and allegations against each defendant. Any amended complaint
23  must cure the deficiencies identified above and also adhere to the following requirements:

24   Any amended complaint must identify as a defendant only persons who personally
25  participated in a substantial way in depriving him of a federal constitutional right. *Johnson v.*
26  *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a
27  constitutional right if he does an act, participates in another's act or omits to perform an act he is
28  /////

1  legally required to do that causes the alleged deprivation).  It must also contain a caption
2  including the names of all defendants.  Fed. R. Civ. P. 10(a).
3      Any amended complaint must be written or typed so that it so that it is complete in itself
4  without reference to any earlier filed complaint.  L.R. 220.  This is because an amended
5  complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the
6  earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114
7  F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter
8  being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.
9  1967)).
10     Unrelated claims against different defendants must be pursued in multiple lawsuits. "The
11 controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, []
12 as independent or as alternate claims, as many claims . . . as the party has against an opposing
13 party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1
14 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against
15 different defendants belong in different suits, not only to prevent the sort of morass [a multiple
16 claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing
17 fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that
18 any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v.*
19 *Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants
20 not permitted unless both commonality and same transaction requirements are satisfied). Any
21 amended complaint may not change the nature of this suit by alleging new, unrelated claims.
22 *George*, 507 F.3d at 607 (no "buckshot" complaints).
23     Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil
24 Procedure, this court's Local Rules, or any court order may result in this action being dismissed.
25 *See* E.D. Cal. Local Rule 110.
26 /////
27 /////
28 /////

**V.   Plaintiff's Motion**

In light of this order dismissing plaintiff's complaint with leave to amend, his "motion requesting court to issue order for the full names of defendants," which appears to be a discovery motion is denied without prejudice. If plaintiff is eventually allowed to proceed on a complaint that asserts a cognizable claim, he may renew his request for discovery.

**VI.   Conclusion**

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed in forma pauperis (ECF Nos. 5, 10) is granted.

2. Plaintiff's "motion requesting court to issue order for the full names of defendants" (ECF No. 3) is denied.

3. The complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to comply with this order will result in this action being dismissed for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated:  February 9, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE