UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY FIDEL ALFORD, | No. 2:14-cv-0714 KJM EFB P |
| Plaintiff, | |
| v. | ORDER |
| LAM DANG, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 28, 2016, the magistrate judge screened plaintiff's amended complaint under 28 U.S.C. § 1915A. The magistrate judge found service appropriate as to plaintiff's Eighth Amendment claim against defendant Clough, and granted plaintiff thirty days to either return documents necessary to effect service of process on defendant Clough, or to file an amended complaint to cure the deficiencies identified in the other claims. ECF No. 20. The order warned plaintiff that failure to comply would result in a recommendation that this action be dismissed. The time for acting passed and plaintiff did not return the documents necessary for service, file an amended complaint, or otherwise respond to the magistrate judge's order. Accordingly, on September 9, 2016, the magistrate judge filed findings and recommendations for dismissal, which

1

were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff did not file objections. On March 13, 2017, this court adopted the findings and recommendations and dismissed the case.

On March 20, 2017, plaintiff requested leave to file late objections to the magistrate judge's findings and recommendations, along with objections. ECF Nos. 24, 25. He also filed a Notice of Submission of Documents, intended to assist the United States Marshal with effecting service of process on defendant Clough. ECF No. 27. The documents returned by plaintiff, however, do not include an address for service of process on defendant Clough. *Id.*

Plaintiff's request for leave to file late objections is governed by Fed. R. Civ. P. 6(b)(1), which requires a showing of "excusable neglect" in order to support the requested extension. *See* Fed. R. Civ. P. 6(b)(1)(B). In addition, since judgment has been entered, the request will be construed as a request for relief from judgment under Fed. R. Civ. P. 60(b). Here, the same standard applies under both rules.

> To determine whether a party's failure to meet a deadline constitutes "excusable neglect," courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir.1997) (adopting this test for consideration of Rule 60(b) motions). Through other decisions, including *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220 (9th Cir.2000), and *Pincay v. Andrews*, 389 F.3d 853 (9th Cir.2004) (en banc), we have further clarified how courts should apply this test.
>
> In *Bateman*, we concluded that when considering a Rule 60(b) motion a district court abuses its discretion by failing to engage in the four-factor *Pioneer/Briones* equitable balancing test. *Bateman*, 231 F.3d at 1223–24.

*Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010).

Here, plaintiff has failed to comply in full with the magistrate judge's July 28, 2016 order. Specifically, the documents he provided for service of process on defendant Clough contain only the name of the defendant and no address for service of process. The court will give plaintiff one final opportunity to complete a summons and a USM-285 form for service of process

2

on defendant Clough with a complete address the U.S. Marshal may use to effect service. The court will not reconsider the March 14, 2017 judgment or reopen this action unless plaintiff timely files the completed summons and USM-285 form. Moreover, the court will set a thirty day deadline for plaintiff to return the completed documents, and no extension of time will be granted.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to send plaintiff a blank summons, one USM-285 form and instructions for service of process on defendant Clough. Within thirty days from the date of this order plaintiff shall return the attached Notice of Submission of documents with the completed blank summons and USM-285 form, which shall be completed to include a valid address for service of process on defendant Clough.

2. No extensions of time to comply with this order will be granted.

3. Failure to comply with this order will result in the denial of plaintiff's motion for leave to file late objections and the confirmation of the judgment entered in this action on March 14, 2017.

DATED: August 9, 2017.

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY FIDEL ALFORD,<br><br>        Plaintiff,<br><br>   v.<br><br>LAM DANG, et al.,<br><br>        Defendants. | No. 2:14-cv-0714 KJM EFB P<br><br>ORDER |

    Plaintiff submits the following documents in compliance with the court's order filed
_____:

    \_\_\_\_      completed summons form

    \_\_\_\_      completed USM-285 form

DATED:

                                                          _____
                                                          Plaintiff