UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY FIDEL ALFORD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LAM DANG, et al.,<br><br>　　　　Defendants. | No. 2:14-cv-0714 KJM EFB P<br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

PROCEDURAL HISTORY

On July 28, 2016, the magistrate judge screened plaintiff's amended complaint under 28 U.S.C. § 1915A. The magistrate judge found service appropriate as to plaintiff's Eighth Amendment claim against defendant Clough, and granted plaintiff thirty days to either return documents necessary to effect service of process on defendant Clough, or to file an amended complaint to cure the deficiencies identified in the other claims. ECF No. 20. The order warned plaintiff that failure to comply would result in a recommendation that this action be dismissed. The time for acting passed and plaintiff did not return the documents necessary for service, file an amended complaint, or otherwise respond to the magistrate judge's order. Accordingly, on

September 9, 2016, the magistrate judge filed findings and recommendations for dismissal, which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff did not file objections. On March 13, 2017, this court adopted the findings and recommendations and dismissed the case.

On March 20, 2017, plaintiff requested leave to file late objections to the magistrate judge's findings and recommendations, along with objections. ECF Nos. 24, 25. He also filed a Notice of Submission of Documents, intended to assist the United States Marshal with effecting service of process on defendant Clough. ECF No. 27. The documents returned by plaintiff, however, did not include an address for service of process on defendant Clough. Id. For that reason, by order filed August 9, 2017, the court deferred ruling on plaintiff's motion and granted plaintiff one final period of thirty days in which to complete and return the forms necessary for service of process. ECF No. 28. Plaintiff has timely filed the completed forms. ECF No. 30.

LEGAL STANDARDS

As discussed in the August 9, 2017 order, plaintiff's request for leave to file late objections is governed by Federal Rule of Civil Procedure 6(b)(1), which requires a showing of "excusable neglect" in order to support the requested extension. *See* Fed. R. Civ. P. 6(b)(1)(B). In addition, because judgment has been entered, the request is construed as a request for relief from judgment under Federal Rule of Civil Procedure 60(b). As discussed, the same standard applies under both rules.

> To determine whether a party's failure to meet a deadline constitutes "excusable neglect," courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir.1997) (adopting this test for consideration of Rule 60(b) motions). Through other decisions, including *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220 (9th Cir.2000), and *Pincay v. Andrews*, 389 F.3d 853 (9th Cir.2004) (en banc), we have further clarified how courts should apply this test.

/////

> In *Bateman*, we concluded that when considering a Rule 60(b) motion a district court abuses its discretion by failing to engage in the four-factor *Pioneer/Briones* equitable balancing test. *Bateman*, 231 F.3d at 1223–24.

*Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010).

ANALYSIS

The following chronology is relevant to analysis of plaintiff's motion.

1. On March 18, 2014, plaintiff filed his original complaint, a motion to proceed in forma pauperis, and a motion to disclose the full names of defendants. ECF No. 1.

2. On February 10, 2015, the magistrate judge granted plaintiff's motion for leave to proceed in forma pauperis and dismissed the original complaint with leave to amend. ECF No. 11.

3. On March 12, 2015, plaintiff requested a fifteen day extension of time to file an amended complaint. ECF No. 14.

4. On March 18, 2015, the magistrate judge granted plaintiff's motion and granted thirty days to file an amended complaint. ECF No. 15.

5. Plaintiff did not timely file an amended complaint and on May 7, 2015, the magistrate judge issued findings and recommendations recommending dismissal for failure to prosecute. ECF No. 16.

6. On May 18, 2015, plaintiff filed objections to the findings and recommendations and an amended complaint. ECF Nos. 17, 18.

7. On July 28, 2016, the magistrate judge vacated the May 7, 2015 findings and recommendations, found that the amended complaint stated a cognizable claim against defendant Clough, and directed plaintiff to return forms necessary for service of process. ECF No. 20.

8. Plaintiff did not timely return the forms and on September 9, 2016, the magistrate judge issued findings and recommendations recommending dismissal of the action. ECF No. 21.

/////

/////

9. Plaintiff did not timely file objections to the findings and recommendations and on March 13, 2017, this court adopted the findings and recommendations in full and dismissed the action. ECF No. 22. Judgment was entered on the same day. ECF No. 23.

10. On March 20, 2017, plaintiff filed the motion for leave to file late objections together with proposed objections. ECF Nos. 24 and 25.

In his motion for leave to file late objections, plaintiff asserts two reasons for his failure to timely object to the September 9, 2016 findings and recommendations. First, he asserts that he learned for the first time in April 2015, when he was served with a summons in a superior court action, that his mother had been deceased since June 2013, and there was litigation dividing plaintiff's family. ECF No. 24 at 2-3. Plaintiff also asserts that he lives in an overcrowded cell intended for inmates on single cell status, and he is housed with another inmate. *Id*. at 3. The crowded conditions make it very difficult to keep track of his documents. *Id*. Plaintiff asserts he is now prepared to proceed with this action. Plaintiff's objections repeat most of what is in his motion, and he has attached a copy of a superior court complaint for damages for elder abuse/neglect, professional negligence and wrongful death, arising from events allegedly associated with his mother's death. ECF No. 25.

Applying the four factors, the court finds some risk of prejudice to the defendant in this action. The events giving rise to this action began in June 2013, over four years ago. Nonetheless, the allegations of the amended complaint give rise to at least an inference that there should be some documentation of the events that gave rise to plaintiff's claim against defendant Clough, minimizing the risk of prejudice. The delay of six months in filing objections has caused this case, filed over three years ago, to become even older, which has some consequences for the court and the parties. As to plaintiff's first asserted reason for the delay, the record shows that one month after learning of his mother's death plaintiff filed in this action objections to earlier findings and recommendations together with a first amended complaint. ECF Nos. 17 and 18. Nowhere in those objections did plaintiff refer to the then month-old notice of his mother's death. Further, plaintiff received that notice approximately a year and a half before the findings and recommendations that led to the order and judgment that are the subject of this motion were

issued in September 2016. While the court is not unsympathetic to plaintiff's asserted reaction, his ability to file an amended complaint within one month of learning of his mother's death raises serious questions about whether it alone is a sufficient reason for failure to return documents for services of process over a year later or to file objections to the September 2016 findings and recommendations until after this action was dismissed. While the court will not find plaintiff has not acted in good faith, the court is not persuaded that the manner and timing of plaintiff's learning of his mother's death support his request for reconsideration.

Nonetheless, this case is, all things considered, at an early stage of the proceedings, and plaintiff represents he is now prepared to move forward. As required by the court's August 9, 2017 order, plaintiff has now presented documents necessary for service of process. The court will grant plaintiff's motion, will set aside the judgment in this action, and will refer the matter back to the assigned magistrate judge for further proceedings, including service of process on defendant Clough.

Plaintiff is cautioned that the court will not countenance further delay in the prosecution of this action. He will be required to respond timely to each and every future court order that requires action by him and failure to do so may result in the dismissal of this action with prejudice.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's March 20, 2017 motion for leave to file late objections, ECF No. 24, is construed as a motion for relief from judgment and, so construed, is granted;

2. This court's March 13, 2017 order, ECF No. 22, and the judgment thereon, ECF No. 23, are vacated;

3. This matter is referred back to the assigned magistrate judge for further proceedings; and

4. Plaintiff shall respond timely to each and every future court order that requires action by him and failure to do so may result in the dismissal of this action with prejudice.

DATED: September 29, 2017.

UNITED STATES DISTRICT JUDGE