UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY FIDEL ALFORD,<br><br>Plaintiff,<br><br>v.<br><br>LAM DANG, et al.,<br><br>Defendants. | No. 2:14-cv-0714-KJM-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Defendant has filed a motion for summary judgment (ECF No. 37) wherein defendant argues that plaintiff failed to exhaust his administrative remedies before filing this suit. Plaintiff has filed an opposition (ECF No. 43) and defendant has filed a reply (ECF No. 45). For the reasons stated hereafter, defendant's motion should be granted.

## Factual Background

The parties agree that the incidents relevant to this complaint occurred between June 30, 2013 and March 18, 2014 at California State Prison, Sacramento ("CSP-SAC"). ECF No. 37-2 at 2; ECF No. 43-3 at 1-2. Plaintiff alleges that, on June 30, 2013, defendant Clough told him that he was required to sign an Administrative Segregation Unit ("Ad-Seg") placement notice. ECF No. 18 at 4. Plaintiff initially refused to sign and demanded to know who was responsible for the decision to transfer him to Ad-Seg. *Id.* Clough stated that he was responsible and began to read

1

the placement notice aloud. *Id.* The notice informed plaintiff that an unidentified female staff member had discovered him hiding in a bathroom, in an area where he was not assigned to work, with the door closed and the lights off. *Id.* This was deemed to represent "a threat to the safety of staff and the security of institution" and plaintiff was told that he would remain in Ad-Seg while an investigation of the incident was conducted. *Id.* at 4-5.

Plaintiff alleges that he suffers from "obstructive sleep apnea syndrome" and that, from June 30, 2013 to October 14, 2014 and while plaintiff was in Ad-Seg, defendant Clough failed to ensure plaintiff had the necessary medical equipment to treat this condition. *Id.* at 8. Plaintiff states that, without this equipment, he was "deprived of sleep." *Id.* On screening the complaint, the court determined that this allegation was sufficient to state a cognizable Eighth Amendment medical deliberate indifference claim. ECF No. 20. All other claims and defendants were dismissed. *Id.*

Now, defendant argues that plaintiff failed to fully exhaust any administrative appeals related to these allegations. ECF No. 37-1 at 6-7.

<u>Legal Standards</u>

I. <u>Summary Judgment</u>

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for

2

trial.'" *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson,* 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures. Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own. When the opposing party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See, e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex*, 477 U.S. at 323-24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id.* at 322. In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact. This entails two requirements. First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S. at

3

248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law applicable for the claim in question. *Id.* If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

Second, the dispute must be genuine. In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in question. Where the party opposing summary judgment would bear the burden of proof at trial on the factual issue in dispute, that party must produce evidence sufficient to support its factual claim. Conclusory allegations, unsupported by evidence are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 248, 252. Absent any such evidence there simply is no reason for trial.

The court does not determine witness credibility. It believes the opposing party's evidence, and draws inferences most favorably for the opposing party. *See id.* at 249, 255; *Matsushita*, 475 U.S. at 587. Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences. *American Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J., dissenting) (citing *Celotex*, 477 U.S. at 322). If reasonable minds could differ on material facts at issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). On the other hand, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for

trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). In that case, the court must grant summary judgment.

II. <u>Exhaustion</u>

The Prison Litigation Reform Act of 1995 (hereafter "PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA applies to all suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), but a prisoner is only required to exhaust those remedies which are "available." *See Booth v. Churner*, 532 U.S. 731, 736 (2001). "To be available, a remedy must be available as a practical matter; it must be capable of use; at hand." *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (citing *Brown v. Valoff*, 422 F.3d 926, 937 (9th Cir. 2005)) (internal quotations omitted).

Dismissal for failure to exhaust should generally be brought and determined by way of a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *Id.* at 1168. Under this rubric, the defendant bears the burden of demonstrating that administrative remedies were available and that the plaintiff did not exhaust those remedies. *Id.* at 1172. If defendant carries this burden, then plaintiff must "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* If, however, "a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." *Id.* at 1166.

Analysis

Defendant argues that, during the period relevant to foregoing claim, plaintiff submitted only one health care appeal. This appeal, numbered SAC-HC-13028699, was submitted directly to the Third Level of review on October 17, 2013 and alleged that a medical provider had failed to prescribe plaintiff pain medication after a surgical procedure. ECF No. 37-5 at 3-4 ¶9, 9-17. The appeal made no reference to defendant Clough or plaintiff's sleep apnea condition and, in any event, it was not exhausted insofar as it was twice screened out for inappropriately bypassing lower levels of administrative review. *Id.* at 9, 20.

Defendant notes that four non-health care appeals were also lodged during the relevant period, but that all of these were "screened out and/or cancelled" at the First Level of review. ECF No. 37-1 at 3; 37-3 at 3 ¶ 9. The declaration of C. Burnett – Appeal Coordinator at CSP-SAC – states that copies of these appeals could not be located insofar as they were screened out or cancelled before the Appeals Office began retaining physical copies of screen-out letters for rejected appeals. ECF No. 37-3 at 3 ¶ 9. Burnett does, however, state that the relevant log indicates that none of these appeals included a staff complaint against defendant Clough (or any other prison official at CSP-SAC). *Id.*

Defendant argues that, based on the foregoing, it is undisputed that plaintiff failed to administratively exhaust his claim before bringing this suit.

For his part, plaintiff argues that he submitted appeals that were "rejected or never returned to [him]." ECF No. 43 at 3. He specifically references an appeal alleging the existence of a conspiracy against him which implicated defendant Clough and three other, non-party prison officials. *Id.* However, as defendant points out in his reply, this contention does little to aid plaintiff even if it is accepted as true. The allegations being litigated in this case do not involve conspiracy. As noted above, the question is solely whether Clough acted with deliberate indifference in failing to provide plaintiff with the medical equipment necessary to address his sleep apnea condition. Thus, even if the conspiracy appeal referenced by plaintiff had been handled properly, it is impossible to see how it would have put prison officials on notice of the claim which is now at issue. And, to the extent plaintiff is raising an argument grounded in futility – that the improper handling of his conspiracy appeal necessarily implies that any relevant appeal would also have been mishandled – the argument fails. Plaintiff must show that he exhausted this claim, or that his specific efforts to do so were precluded. *See Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) ("we stress the point . . . that we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise"); *see also Albino v. Baca*, 697 F.3d 1023, 1035 (9th Cir. 2012), *rev'd on reh'g en banc*, *Albino*, 747 F.3d at 1162. (holding that an inmate must make a good faith effort to exhaust a prison's administrative remedies).

## Conclusion

For the foregoing reasons, the court finds that plaintiff failed to exhaust his administrative remedies against defendant Clough before bringing this suit. Accordingly, it is hereby RECOMMENDED that:

1. Defendants' motion for summary judgment (ECF No. 37) be GRANTED; and
2. This action be DISMISSED without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 16, 2018.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE